IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 25 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | |
|---|---|
| RAYMOND CORREA AND SANTA ROSADA, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | NO. 4:11-CV-802-A |
| § | |
| CITIMORTGAGE, INC., AND WILLOW § | |
| BEND MORTGAGE COMPANY, LLC, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on October 31, 2011, in the District Court of Tarrant County, Texas, 348th Judicial District, as Case No. 348-256265-11 by the filing by plaintiffs, Raymond Correa and Santa Rosada, of their original petition ("petition"), against defendants, defendant CitiMortgage, Inc. ("CitiMortgage") and Willow Bend Mortgage Company, LLC ("Willow Bend") (collectively, "defendants"). Willow Bend filed an answer, and CitiMortgage removed the action to this court by notice of

removal filed November 10, 2011. CitiMortgage filed an answer on November 17, 2011.

On January 6, 2012, pursuant to this court's order, CitiMortgage filed an amended notice of removal. In its amended notice of removal, CitiMortgage asserts that Willow Bend, a non-diverse party, has been fraudulently joined and should be disregarded for purposes of determining jurisdiction. CitiMortgage further alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiffs and remaining defendant CitiMortgage and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs do not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, CitiMortgage contends that because plaintiffs seek injunctive relief to bar any foreclosure proceedings on the property, the minimum amount in controversy can be based on either the property value or alternatively, the outstanding amount on the note at the time of the foreclosure sale. In support of its position, CitiMortgage cites to legal authority standing for the proposition that the "right, title and interest" plaintiffs have in the property constitutes the proper measure of

2

the amount in controversy in an action such as this one. Am. Notice of Removal at 5, ¶ 10.

With respect to the value of the property, CitiMortgage argues there is sufficient information in the pleadings to determine that "the value of the Property should constitute the amount in controversy," because plaintiffs seek "injunctive relief," and "an 'order quieting title to the Property in Plaintiffs,'" and because plaintiffs "implicitly challeng[e] the validity of the note and deed of trust." Id. at 3, ¶ 6; id. at 5, ¶ 9-10. As for the amount owed on the note, CitiMortgage argues that "the amount owed by Plaintiffs under the note and deed of trust on the day of foreclosure constitutes the 'value of the objection of the litigation,'" because "[t]he absence of the threat of foreclosure and eviction and the quieting of title to the Property in Plaintiffs will effectively absolve Plaintiffs of any obligation to continue to make payments under the note." Id. at 3-4, ¶ 7.

CitiMortgage further states that plaintiffs are seeking attorney's fees and statutory and exemplary damages, and points to allegations made by plaintiffs concerning a "'substantial recovery'" and "'the possibility of doubling or tripling of some damages.'" Id. at 3, ¶ 5.

3

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

4

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiffs' state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiffs. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

### III.

### The True Nature of Plaintiffs' Claims

Plaintiffs' petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented. As a result,

the court has evaluated the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendants from taking possession of the property pursuant to their foreclosure proceedings. As the petition alleges, plaintiffs pursue that goal by seeking (a) an order barring any foreclosure or forcible detainer proceedings; and (b) a money judgment to compensate them for damages they have suffered, because defendants lacked the proper authority to foreclose on the property or to threaten them with a foreclosure sale. The court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.00.

CitiMortgage contends that the value of the property or the outstanding amount on the note could serve as the amount in controversy because plaintiffs assert equitable relief in the form of a claim for injunctive relief. CitiMortgage relies on the oft-cited argument that in actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Am. Notice of Removal at 3, ¶ 6. In the section of its amended notice of removal quoted in section I of this memorandum opinion, CitiMortgage suggests that the value of the object of the litigation could be either the value of the property, or alternatively, "the amount owed

under the note as of June 7, 2011, the date of the foreclosure sale of the Property, [which] was $212,405.19." Id. at 6, ¶ 11 (citing to App., Ex. A at 2, ¶ 5). For the value of the property, CitiMortgage offers any one of three different numbers as a potential basis for the amount in controversy: (1) $142,000, the tax appraisal value of the property provided by the Tarrant County Appraisal District; (2) $140,000, the broker's price opinion obtained by CitiMortgage before the foreclosure sale, or (3) $243,323.49, the actual foreclosure sale price. Am. Notice of Removal at 6, ¶ 11; see also id., App., Ex. A at 2, ¶ 5; id., App., Ex. B-1; Notice of Removal, Ex. A-1.

However, the court is not persuaded by the argument that any of these figures supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property. CitiMortgage does not cite to, nor can the court discern, any such statement to support a finding that the property value or the outstanding amount on the note is the amount in controversy. That is, CitiMortgage's attribution of these figures as damages is an act of their own doing--not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the

amount in controversy in this action, the court rejects that argument.[1]

The court likewise rejects CitiMortgage's alternative argument that the amount owed on the note on the day of the foreclosure sale, $212,405.19, serves as the amount in controversy. Again, CitiMortgage points no allegation in the petition to show by a preponderance of the evidence that "the value to Plaintiffs of the orders they seek from the Court is the amount owed under the note prior to the June 7, 2011 foreclosure sale." Am. Notice of Removal at 4, ¶ 7.

Plainly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to retain possession of the property. Nothing is alleged that would put a monetary value to plaintiffs' accomplishment of those goals. While plaintiffs appear to request equitable relief based on a claim that they are entitled to hold legal title in the property, they do not assert that such relief is based on a claim that they have outright

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Accordingly, the court is not persuaded by CitiMortgage's citation to two decisions that rely upon Waller for the proposition that the value of the property controls the amount in controversy here. Am. Notice of Removal at 5, ¶ 10 (citing to Azzam v. Wells Fargo Bank, N.A., No. H-10-4616, 2011 WL 149350, at *5-6 (S.D. Tex. Jan. 18, 2011); Griffin v. HSBC Bank USA, No. 3:10-CV-728-L, 2010 WL 4781297, at *6 (N.D. Tex. Nov. 24, 2010)).

8

ownership of the property, free of any indebtedness. Indeed, plaintiffs make statements to suggest that their ownership of the property is encumbered by a debt, or more precisely, a security lien.[2] The value to plaintiffs of their rights in the litigation is, at most, the value of their interest in the property, not the value of the property itself.[3] Thus, CitiMortgage has not established the value of plaintiffs' interest in the property.

Finally, CitiMortgage seems to suggest that a request for attorney's fees and statutory and exemplary damages may support a finding that the amount in controversy is met. Am. Notice of Removal at 3, ¶ 5. Without an amount to serve as a basis for compensatory damages, however, the court cannot form any reliable estimate for the amount plaintiffs could recover for statutory or exemplary damages or attorney's fees. Additionally, CitiMortgage has not shown that the total claim for punitive damages is more likely than not to meet the $75,000.00 minimum. See Allen, 63 F.3d at 1336.

---

[2] Plaintiffs alleged in their petition that their ownership of the property is subject to a security lien placed by the deed of trust, and specifically stated that the note was "secured by the lien and provisions of a Deed of Trust executed by Plaintiffs." Notice of Removal, Ex. E-1 at 2, ¶ 4.

[3] In their petition, plaintiffs alleged that defendants are "without ability to prove ownership and possession of the Note and lien(s) at the time of threatening and effecting foreclosure." See Notice of Removal, Ex. E-1 at 6, ¶ 10. Like Ballew, plaintiffs are "not challenging the validity of the notes or deeds of trust"; rather, they "merely dispute[] that defendants are the ones having the right to enforce those documents." 2011 WL 880135 at *5.

Thus, even if the court were to accept as true the allegation that Willow Bend has been fraudulently joined and should be disregarded for purposes of determining diversity of citizenship, CitiMortgage has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of CitiMortgage to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 25, 2012.

_____
JOHN McBRYDE
United States District Judge